**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Wanda Tindle, ) | No. CV-11-907-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of the ) Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

This case arises on Plaintiff's Bill of Costs, seeking attorney's fees, which the Clerk denied as "not taxable under LRCiv. 54.1." (Docs. 27-28) The Clerk construed Plaintiff's Bill of Costs "as a motion under LRCiv. 54.2 for review by the assigned judge." (Doc. 28)

On May 21, 2012, the Court reversed the Commissioner's decision and remanded this case to the ALJ for further proceedings consistent with this order. The Court did not, however, remand for benefits because "[t]here may be evidence in the record to which the [ALJ] can point to provide the requisite specific and legitimate reasons for disregarding" the opinion of Plaintiff's treating physician, citing *McAllister v. Sullivan,* 889 F.2d 599, 603 (9th Cir. 1989). (Doc. 25 at 10-11) Plaintiff's attorney filed a Bill of Costs on June 14, 2012. (Doc. 27) At this point, there has been no final determination to Plaintiff's right to benefits.

A party does not become a "prevailing party" under the Equal Access to Justice Act ("EAJA"), even if the only relief sought by claimant is remand for additional evidence. *See, e.g. McGill v. Seacretary of Health and Human Servs.*, 712, F.2d 28, 30 (2nd Cir. 1983). Rather, the Second Circuit pointed out that case law "demonstrates that a social security claimant whose

case is remanded to the Secretary for further evidence is not a prevailing party." *Id.* at 31. The court concluded that "a social security claimant prevails when it is determined that she is entitled to benefits." *Id.* at 31-32; *see also Brown v. Secretary of Health and Human Servs.*, 747, F.2d 878, 881, 885 (3rd Cir. 1984) (holding that a claimant who obtains remand for further administrative hearing is not a prevailing party entitled to fees at that juncture under the EAJA); *Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir. 1991) (finding that district court's order returning cases to Secretary for further administrative proceedings due to legal and factual errors were not final "judgment[s] . . . modifying or reversing the decision[s] of the Secretary.") (citation omitted). In the present case, final judgment has not been entered and any motion for an award of attorney's fees is premature. Plaintiff and the claimants in *Welter* do "not become prevailing parties eligible for attorney's fees until the Secretary reevaluated their cases and awarded them benefits[,]" citing *Sullivan v. Hudson*, 490 U.S. 877, 884-85(1989).

If on remand Plaintiff is awarded benefits, Plaintiff may request an award of attorney's fees from this Court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("[W]e hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). The Court hereby expressly retains jurisdiction of this case to consider a timely request for an award of attorney's fees. *Brown*, 747 F.2d at 884.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees, doc. 27, is **DENIED** without prejudice.

Dated this 18th day of July, 2012.

Lawrence O. Anderson
United States Magistrate Judge