1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Wanda Tindle,                          )   No. CV-11-907-PHX-LOA
                                          )
10            Plaintiff,                   )   **ORDER**
                                          )
11 vs.                                    )
                                          )
12 Michael J. Astrue, Commissioner of the )
   Social Security Administration,        )
13                                        )
              Defendant.                  )
14 _____)

15        Pursuant to its inherent authority, LRCiv 83.1(f)(1)(A), *Ready Transportation, Inc., v.*

16 *AAR Manufacturing, Inc*., 627 F.3d 402 (9th Cir. 2010); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

17 1995) (failure to follow district court's local rules is a proper ground for sanctions, including

18 dismissal); *Harris v. Commissioner of Social Sec*., 2009 WL 5206035, at *1 (E.D.Cal.

19 December 21, 2009) ("[F]ailure to obey court orders is a separate and distinct ground for

20 imposing [a] sanction . . . ."), having provided attorney Rodney O. Salmi notice and a

21 reasonable opportunity to be heard, considered his Response to Order to Show Cause[1], doc. 34,

22 and conducted a hearing in open court, the Court finds attorney Rodney O. Salmi has recklessly

23 committed multiple violations of prior court orders and Rules of Practice for the United States

24 District Court for the District of Arizona ("Local Rules"). Considering Mr. Salmi's significant

25

26        [1] Incredibly, Mr. Salmi's Response to Order to Show Cause violates the format required

27 by LRCiv 7.1(a)(1), for failing to designate on the title page's upper left corner that he
   represents Plaintiff, and LRCiv 7.1(b)(1), for using fixed-pitch type size smaller than ten (10)

28 pitch (10 letters per inch) or in a proportional font size smaller than 13 point.

1  experience as a lawyer, his lengthy admission to practice in the District of Arizona, his admitted

2  failure to properly review court filings prepared by non-lawyers to which his electronic

3  signature was affixed, and his flagrant failures to comply with Local Rules and prior court

4  orders even after the show cause hearing was set, the Court will impose the sanctions set forth

5  in this Order.

6       **IT IS ORDERED** that attorney Rodney O. Salmi is sanctioned as follows:

7       1. a monetary sanction of $500.00 is imposed on Mr. Salmi, which shall be paid to the

8  charity of his choice within 30 days of the entry of this Order;

9       2. Mr. Salmi must read each and every civil Local Rule currently in effect within 30

10  days of the entry of this Order;

11       3. Mr. Salmi must complete and sign the current two-page Application of Attorney

12  for Admission to Practice in the United States District Court for the District of Arizona, which

13  now contains a certification that he will comply with the District's Local Rules, except he need

14  not provide documents already provided in 1998, complete the portion of the Application

15  regarding a sponsoring attorney, or attend an admission ceremony. The completed and signed

16  Application must be provided to Ms. Beth Stephensen, Attorney Admissions Clerk (602)

17  322-7106, within 30 days of the entry of this Order; and

18       4. The Court intends to submit a complaint to the State Bar of Arizona as a result of

19  Mr. Salmi's conduct described herein, the August 24, 2012 hearing, and the Court's July 23,

20  2012 Order to Show Cause, doc. 31, for possible violations of Arizona's Rules of Professional

21  Conduct,[2] such as, for example, Ethical Rules 1.1, 5.3, and 8.4(c), after a transcript of the

22  August 24, 2012 hearing is prepared. Mr. Salmi is directed to comply with all State Bar of

23  Arizona directives, including successfully completing any Law Office Management Assistance

24

25       [2] "The United States District Court for the District of Arizona has adopted the Arizona

26  Rules of Professional Conduct as its ethical standards." *Roosevelt Irr. Dist. v. Salt River Project*

27  *Agr. Imp. and Power Dist.*, 810 F.Supp.2d 929, 944 (D. Ariz. 2011) (citing LRCiv 83.2(e);

28  *Research Corp. Techs., Inc. v. Hewlett–Packard Co.*, 936 F.Supp. 697, 700 (D. Ariz. 1996)). Accordingly, this Court applies Arizona's ethical rules when evaluating the conduct of counsel.

1  Program if requested by the State Bar to participate in such a program.

2        **IT IS FURTHER ORDERED** that attorney Rodney O. Salmi must promptly file

3  under seal a Notice of Compliance regarding sanctions 1, 2, 3 above, and attach proof of

4  payment of the monetary sanction, including the front and back of any check, if paid by

5  personal, business, or cashier's check.

6        **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to provide

7  a copy of this Order to Ms. Beth Stephensen, Attorney Admissions Clerk.

8        Dated this 24th day of August, 2012.

9

10

11                    Lawrence O. Anderson
                      United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28