**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wanda Tindle,<br><br>      Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>      Defendant. | No. CV-11-907-PHX-LOA<br><br>**ORDER** |

      This case is before the Court on Plaintiff Wanda Tindle's ("Plaintiff") request for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), initially labeled as a "Bill of Costs." (Doc. 27) On July 20, 2012, Plaintiff filed a reconsideration motion, doc. 30, which was stricken for multiple Local Rules violations, and re-filed on August 6, 2012, doc. 32. The Commissioner's Amended Response to Plaintiff's Request for Reconsideration of Order, doc. 43, opposes an award of EAJA fees, to which Plaintiff's replied, doc. 49. Oral argument was held on October 25, 2012. Plaintiff requests reconsideration of the Court's decision to deny her "Motion for Attorney's Fees[,]" contending the Court's remand was a "sentence four" remand under 42 U.S.C. § 405(g), and the Supreme Court "[w]ould allow for an acceptance of a filing for grant of attorney's fees under EAJA within 30 days of the Court's order of remand." (Doc. 32 at 2)

      After considering the parties' briefs, relevant authorities, and oral arguments, the Court will grant Plaintiff's request for reconsideration, but will deny her request for an award of EAJA fees. While the Commissioner's decision was erroneous, it was substantially justified

as a result of the conflicting medical evidence on whether Plaintiff was disabled.

**I. Background**

On November 15, 2005, Plaintiff filed an application for Disability Insurance Benefits, alleging disability with an onset date of October 15, 2005. (Tr. 99[1]) The claim was denied initially and also upon reconsideration. (Tr. 30-33)  Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing in July 2008 and a supplemental hearing in April 2009. (Tr. 22-29)  On October 7, 2009, the ALJ issued a decision, finding Plaintiff was not disabled under the Social Security Act. (Tr. 11-21)  This decision became the Commissioner's final decision when the Social Security Appeals Council denied Plaintiff's request for review. (Tr. 1-5)  Plaintiff timely sought judicial review of this decision, pursuant to 42 U.S.C. § 405(g), on May 6, 2011. (Doc. 1)

The ALJ denied Plaintiff's application for disability benefits after applying the sequential evaluation process, 20 C.F.R. § 404.1520(a)(4), finding, *inter alia*, that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.927(b), except for some walking, lifting, and other physical limitations. (Tr. 15) The ALJ determined that although Plaintiff could not perform her past relevant work, she could perform other work existing in significant numbers in the national economy, including assembly worker and quality control inspector. (Tr. 19-20)

After the parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), the Court reviewed the record, briefing, and applicable law; reversed the Commissioner's decision; and remanded the matter for further proceedings. (Doc. 25)  The Court concluded that the ALJ committed legal error because he failed to articulate specific and legitimate reasons for rejecting the December 19, 2005 opinion of Plaintiff's treating physician, Jack Weidner, D.O., expressed on an Arizona Department of Economic Security ("DES") form, that Plaintiff has "a physical or mental impairment which prevents him/her from performing any substantially gainful employment." (Tr. 529) The Court concluded that the ALJ's implicit

---

[1] Citations to "Tr." are to the administrative transcript which appears at docket 19.

rejection of Plaintiff's treating physician's opinion that Plaintiff could not be gainfully employed, and failure to evaluate her treating physician's findings and conclusions constituted legal error, citing, among others, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990). (Doc. 25 at 8, 10) Dr. Weidner answered "yes" to the following written question on the DES form: "Does [Plaintiff] have a physical or mental incapacity which prevents [her] from performing any substantially gainful employment?" He answered, "In my medical opinion, I believe this patient has a medical impairment which is expected to result in death, OR which has lasted or can be expected to last for a continuous period of not less than 12 months." (Tr. 529) On December 4, 2006, Dr. Weidner also completed the "Medical Certification" section on Plaintiff's disabled parking application for a "Disability . . . Plate/Placard" with the Arizona Motor Vehicle Division. (Tr. 527) Dr. Weidner checked a box on the application approving a "Temporary Disability Placard (must be recertified after 6 months)" and signed his name. While the record is not clear how often Plaintiff was professionally seen and treated by Dr. Weidner, Plaintiff describes it as "some time," doc. 20 at 6, it is clear the ALJ's written decision did not even mention Dr. Weidner's opinions or his treatment of Plaintiff. (Tr. 11-21) The ALJ's rejection of Dr. Weidner's opinion contravened governing law requiring the ALJ to provide "specific and legitimate reasons" supported by substantial evidence in the record for rejecting the controverted opinion of Plaintiff's treating physician. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996) (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The Court disagreed with the Commissioner's arguments that the ALJ "implicitly rejected" Dr. Weidner's opinion based on his notations in the record that Plaintiff had received only conservative treatment for her back pain, and Plaintiff's diagnostic testing showed only mild degenerative disc disease and mild disc bulging. (*Id.* at 9-10) Because it was not clear from the record that the ALJ would be required to find Plaintiff disabled if the improperly rejected opinions of Dr. Weidner were credited, the Court did not remand for benefits. Instead, the Court remanded for the ALJ to provide the requisite specific and legitimate reasons for disregarding Dr. Weidner's opinion. (*Id.* at 10-11) On May 21, 2011, the Clerk of Court entered final judgment in favor of Plaintiff, and terminated this action. (Doc. 26)

## II. Motions for Reconsideration

"A motion for reconsideration is meant to correct 'manifest error' or to present 'new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence.'" *Arizona ex rel. Goddard v. Frito-Lay, Inc*., 273 F.R.D. 545, 558-59 (D. Ariz. 2011) (quoting Local Rule 7.2(g)); *see also McKown v. Simon Property Group Inc*., 689 F.3d 1086, 1089 n. 3 (9th Cir. 2012) (citing with approval Western District of Washington Local Rule CR 7(h)); *Kennedy v. Lubar*, 273 F.3d 1293, 1299, n. 6 (10th Cir. 2001) (citing C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 4478, at 790 & n. 5) ("Most recent decisions suggest that the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (emphasis omitted).

## III. Time to Request EAJA Fees

In order to recover attorney's fees and expenses under the Equal Access to Justice Act, four requirements must be met:

(1) The party must be a prevailing party;

(2) The application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action;

(3) No special circumstances warranting denial of fees may exist; and

(4) The government's position must be without substantial justification.

28 U.S.C. § 2412(d); *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008) (prevailing party that satisfies the EAJA's other requirements may recover its paralegal fees from the government at prevailing market rates.). Thus, a prevailing party must submit her application for EAJA fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).

In social security cases, where the district court reverses and remands for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), "the [EAJA] filing period begins after the final judgment . . . is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G)). The period for filing an appeal, when the United States is a party to

the case, is sixty days after the entry of judgment. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993) (citing Fed.R.App.P. 4(a)(1)(B)); *see also Hoa Hong Van v. Barnhart*, 483 F.3d 600 (9th Cir. 2007). Here, once the Clerk of Court entered final judgment in Plaintiff's favor on May 21, 2011, Plaintiff had a total of ninety (90) days to file her application for EAJA fees and expenses. Thus, Plaintiff's amended fee application, doc. 32, filed on August 6, 2012, was timely, even without deciding issues of relation-back to Plaintiff's two prior defective filings[2] or equitable tolling.

Contrary to LRCiv 7.2(b), Plaintiff's first request for fees, called a Bill of Costs, doc. 27, failed to provide the Court with any authority, much less "a memorandum setting forth the points and authorities relied upon in support of" her request for an award of fees. In hindsight, the Court should have summarily denied it. Instead, the Court addressed the merits of the fee's request, unintentionally missed controlling authority, and concluded that because there had been no final determination to Plaintiff's claim for benefits, Plaintiff's fee request was premature. (Doc. 29) Undoubtedly invited by counsel's lack of citations and meaningful explanation why his client was entitled to request EAJA fees at this time, the Court's July 19, 2012 Order constituted manifest error.

---

[2] On June 14, 2012, Plaintiff filed a Bill of Costs, seeking attorney's fees without any reference to the EAJA, which was denied by the Clerk on July 17, 2012, as "not taxable under LRCiv. 54.1[,]" but also ambiguously construed "as a motion under LRCiv. 54.2 for review by the assigned judge." (Docs. 27-28)  In her first filing for fees, Plaintiff requests fees of $3,060.00 at $200.00 per hour for 15.6 hours. (Doc. 27)

Because the Court finds that an award of fees is not authorized under the EAJA, it does not reach the issue whether Plaintiff met her burden of proving that the fees and hourly rate requested are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A)(ii) (EAJA fees "shall not be awarded in excess of $125 per hour unless the Court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee."); *see also Lozano v. Astrue*, 2008 WL 5875573 (9th Cir. Sept. 4, 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)); *Loveless v. Astrue*, 2012 WL 1190823 (D. Ariz. Apr. 10, 2012). If EAJA fees are properly awarded in this case, Plaintiff concedes that "[a]s the filing for EAJA fees was defective, . . . a fee calculated at the statutory hourly amount [$125.00 per hour] is appropriate[,]" *i.e.*, $1,950.00 ($125.00 x 15.6 hours = $1,950.00). (Doc. 49 at 4)

In *Schaefer*, the Supreme Court held that a social security claimant who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), even though further proceedings are contemplated on remand, is a "prevailing party," and, as such, is entitled to an award of attorney's fees and expenses under the EAJA. 509 U.S. 292 (1993). As District Court for the Western District of Washington succinctly explained recently:

> [S]entence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." [citation omitted] "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." [citations omitted] . . . (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.") A remand under sentence four thus "becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." [citation omitted] A sentence six remand, on the other hand, "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* Accordingly, "[u]nlike sentence four remands, sentence six remands do not constitute final judgments." *Id.* at 855. Instead, " '[i]n sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs.' " [citation omitted].

*Churchill v. Astrue*, 2012 WL 3763630, at *1 n. 1 (W.D. Wash. Aug. 29, 2012) (quoting *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002)) (citing *Schaefer*, 509 U.S. at 301–02). Here, although the Commissioner opposes an award of EAJA fees to Plaintiff, he concedes "[t]hat because the Court's remand could only have been properly ordered pursuant to sentence four, Plaintiff became the prevailing party at the time of remand." (Doc. 43 at 5)  Plaintiff's amended Request for Reconsideration of Order is well-taken and will be granted.

**IV. Substantial Justification**

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, unless the district court finds that the position of the United States was *substantially justified* or special circumstances make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A) (emphasis added); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). "The Commissioner is substantially justified if his position met the traditional reasonableness

- 6 -

standard - that is justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Johnson v. Astrue*, 2012 WL 2129387, at *1 (9th Cir. June 13, 2012) (reversing district court award of EAJA fees because the Commissioner's litigation position was substantially justified) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005)) (internal quotation marks omitted). "Put another way, substantially justified means there is a dispute over which reasonable minds could differ." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (internal quotation marks, citation omitted). "Substantially justified does not mean justified to a high degree, but rather justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person."). *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks and citation omitted). If the Commissioner fails to prevail in his position, no presumption arises that his position was unreasonable. *See, e.g., Pierce*, 487 U.S. at 569 ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."); *Kali v. Bowen*, 854 F.2d 329, 335 (9th Cir. 1988). The burden of proof is on the Commissioner to prove that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *Gonzales*, 408 F.3d at 618.

In considering whether the Commissioner's position is substantially justified, reviewing courts must ascertain "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." *Kali*, 854 F.2d at 332. However, "[w]here . . . the ALJ's decision was reversed on the basis of procedural errors, the question is not whether the government's position as to the merits [of the plaintiff's disability claim] was substantially justified . . . [but] whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (discounting a treating physician's opinion without proper justification is a "basic and fundamental" error) (citing *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings.")) (citation and internal quotation marks omitted). An ALJ's rejection of a treating physician's

opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons is procedural error. *Shafer*, 518 F.3d at 1071; *Kuchenberg v. Astrue*, 2011 WL 5994915, at *1 (D. Ariz. Nov. 30, 2011). However, the Commissioner's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified. *Corbin*, 149 F.3d at 1052.

**V. Discussion**

Neither party provides the Court with a legal analysis of the conflicting evidence from the record to support their arguments. The Commissioner contends that his position below and on appeal was substantially justified because "the Court only disagreed with a portion of the Commissioner's administrative decision and remanded the case for further administrative proceedings to further consider Plaintiff's treating physician's opinion. The Court specifically declined to address the remainder of Plaintiff's arguments." (Doc. 43 at 7) As such, the Commissioner concludes his "position demonstrates that the Commissioner had a reasonable basis in law and fact." (*Id.* at 8) Conversely, Plaintiff simply states that the "[a]bsence of requisite reasoning [to reject the opinion of Plaintiff's treating physician] cannot be found reasonable and therefore the Commissioner's decision is not substantially justified." (Doc. 49 at 2)

The administrative record reflects that the ALJ considered several medical opinions to support his finding that Plaintiff is not disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d)(1)(A), and retains the residual functional capacity to perform "light work." (Tr. at 15) For example, in November 2006, David Rand, M.D., a state agency orthopedic physician, reviewed the record and completed a Physical Residual Functionality Capacity Assessment. (Tr. 314)  He opined that Plaintiff's impairments would permit her to perform light exertional work.  (Tr. 314-21) Dr. Rand noted that the objective evidence did not support Plaintiff's alleged inability to lift more than five pounds or stand more than thirty minutes. (Tr. 319)

Plaintiff saw M.A. Paracha, M.D., a neurologist, in January 2006 on referral from Plaintiff's treating physician, Dr. Weidner.  Upon examination, Dr. Paracha found Plaintiff had

1   moderate paraspinal spasm but range of motion and strength were normal.  Plaintiff was alert

2   and oriented and her affect was normal. Plaintiff also exhibited a normal gait and was able to

3   heel, toe, and tandem walk. Objective nerve conduction studies showed no evidence of

4   radiculopathy, plexapathy, large fiber polyneuropathy or mononeuropathy.  (Tr. 256-59)

5           In May 2007, Plaintiff saw Jason Taylor, D.O., for a consultative evaluation in

6   connection with her application for benefits. (Tr. 403-07)  Upon examination, Dr. Taylor found

7   that Plaintiff was not in significant distress and had essentially normal examination findings.

8   Plaintiff's hobbies included camping, bike riding, and walking. Plaintiff had essentially a

9   normal range of motion with some restriction in the lumbar spine; full (5/5) strength in all four

10  extremities; and normal straight leg raising.

11          On February 23, 2007, Plaintiff saw psychologist Shelly K. Woodward, Ph.D, on

12  referral from DES for a psychiatric evaluation. (Tr. 376) Dr. Woodward noted that Plaintiff was

13  seeking disability benefits because of problems related to depression and "neuropathy or a

14  pinched nerve" in her right leg. (*Id.*)  Dr. Woodward found Plaintiff's mental status alert and

15  cooperative and did not note any gross abnormalities. Dr. Woodward found Plaintiff was

16  moderately limited in her ability to maintain concentration, respond to changes in the work

17  setting, and was aware of normal hazards. (Tr. 381, 384)  She found that Plaintiff had marked

18  limitations in her ability to work in coordination with others. (Tr. 382)  On March 9, 2007,

19  Grace Fletcher, Ph.D, a state agency psychologist, reviewed the record and completed a

20  Psychiatric Review Technique form.  (Tr. 386)  She opined that Plaintiff had only mild mental

21  functional limitations and that her mental condition was non-severe. (Tr. 396-98)  Dr. Fletcher

22  noted that "[t]here is no evidence that claimant is distractable around coworkers, but rather only

23  in regard to anyone who resembles [her] ex-husband."  (*Id.* at 398)

24          In September 2008, Plaintiff was seen by psychologist Minette Nance Doss, Ed.D, on

25  referral from DES for a psychological evaluation. (Tr. 531)  Plaintiff's mental status was alert,

26  cooperative, and verbally articulate. Upon examination, Plaintiff was fully oriented and her

27  appearance was neat and clean. (Tr. 534)  On October 2, 2008, Dr. Doss completed a Medical

28  Source Statement Ability to do Work-Related Activities (Mental). (Tr. 541)  Dr. Doss found

1  that Plaintiff's ability to understand, remember, and carry out simple instructions was not

2  restricted, and that her "ability to make judgments on simple work-related decisions" was

3  mildly restricted. (*Id.*) Dr. Doss also concluded Plaintiff was moderately limited in her ability

4  to understand, remember, and carry out complex instructions; "make judgments on complex

5  work-related decisions"; and "[i]nteract appropriately with the public." (Tr. 541-42) Dr. Doss

6  concluded there were no restrictions on Plaintiff's ability to "[i]nteract appropriately with

7  supervisors [and] co-workers, and mild restrictions on her ability to "respond appropriately to

8  usual work situations and to changes in a routine work setting." (*Id.*)

9       A vocational expert, George Bluth, testified at the April 2009 administrative hearing,

10  and offered the opinion, *inter alia*, that someone with the same vocational experience as

11  Plaintiff and with the residual capacity assessed by the ALJ could not perform Plaintiff's past

12  work, but could perform other work existing in significant numbers in the national economy,

13  including assembly worker and quality control inspector. (Tr. 26-27)

14       An ALJ is responsible for resolving conflicts, determining credibility, and resolving

15  ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*,

16  881 F.2d 747, 750 (9th Cir. 1989). Like trial judges, an ALJ's task in resolving conflicts in the

17  evidence is often not an easy one. Here, like the scenario presented in *Morris v. Astrue*, 400

18  Fed. Appx. 270 (9th Cir. 2010), although the ALJ committed procedural error, the Court is not

19  convinced the Commissioner's decision below or on appeal "lies beyond the pale of reasonable

20  justification under the circumstances." 400 Fed. Appx. at 271 (citing *Harman v. Apfel*, 211 F.3d

21  1172, 1175 (9th Cir. 2000)).

22       The Court concludes the record supports a finding that the Commissioner had a

23  reasonable basis in law and fact to defend the ALJ's decision. *See Putz v. Astrue*, 454 Fed.

24  Appx. 632 (9th Cir. 2011) ("In light of the ambiguity of the evidence and the closeness of the

25  legal and factual questions posed by [plaintiff's] case, the district court did not err in

26  determining that the government's position was substantially justified."); *Peck v. Social Sec.*

27  *Admin.*, 379 Fed. Appx. 573, (9th Cir. 2010); *Le v. Astrue*, 529 F.3d 1200 (9th. Cir. 2008)

28  Considering "the objective indicia are inconclusive" whether Plaintiff is disabled, the Court

1   finds "the merits of the government's litigati[on] position[]" is substantially justified. *Johnson*,

2   2012 WL 2129387, at *1 (citing *Pierce*, 487 U.S. at 568).

3         Based on the foregoing,

4         **IT IS ORDERED** that Plaintiff's amended Request for Reconsideration of Order,

5   doc. 32, is **GRANTED**. The Court's July 19, 2012 Order is vacated in its entirety.

6         **IT IS FURTHER ORDERED** that Plaintiff's request for an award of attorney's fees

7   pursuant to the Equal Access to Justice Act is **DENIED**.

8         Dated this 30th day of October, 2012.

9

10

11   Lawrence O. Anderson
United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28